BINDER MALTER HARRIS & ROME-BANKS LLP
Robert G. Harris, Esq. #124678
Reno Fernandez, Esq. #251934
Meera Balasubramanian, Esq. #359612
2775 Park Avenue
Santa Clara, CA  95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: rob@bindermalter.com
Email: reno@bindermalter.com
Email: meera@bindermalter.com

Attorneys for Subchapter V Debtor
Project Pizza Sunset LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROJECT PIZZA SUNSET LLC,<br><br>Debtor. | Case No. 25-30258<br><br>Chapter 11<br>Subchapter V<br><br>NO HEARING SET UNLESS REQUESTED |

**MOTION TO REJECT EXECUTORY CONTRACT WITH INKIND CARDS, INC., INKIND CREDIT FUND LP, AND INKIND WAREHOUSE FACILITY LLC AND HONOR CREDIT UP TO REJECTION DATE (11 U.S.C. § 365(a), BLR 9014-1(b)(3))**

TO INKIND CARDS, INC., INKIND CREDIT FUND LP, AND INKIND WAREHOUSE FACILITY LLC:

Subchapter V debtor Project Pizza Sunset LLC (the "Debtor") hereby moves for authority under 11 U.S.C. section 365(a) to reject its Credit Purchase Agreement with inKind Cards, Inc., inKind Credit Fund LP, and inKind Warehouse Facility LLC. (collectively, "inKind") effective May 21, 2025, and to honor up to the $15,896 in online credit sold on the inKind app up to May 21, 2025.

The Debtor respectfully represents as follows in support of this Motion.

1

MOTION TO REJECT EXECUTORY CONTRACT WITH INKIND ET AL.

# I. BASIS FOR RELIEF

1. This Motion is made pursuant to Bankruptcy Code §§ 105(a) and 365(a) and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

# II. BACKGROUND

2. The Debtor does business as Fiorella Sunset, a restaurant co-founded in 2021 by Boris Nemchenok and Brandon Gillis. Fiorella Sunset is the third of four restaurants opened and operated by the Fiorella Restaurant Group since 2016. The Debtor operates a full-service Italian restaurant and bar dedicated to serving the Sunset neighborhood of San Francisco.

3. The Debtor commenced the above-captioned case by filing a voluntary Chapter 11 petition for relief on April 1, 2025. The Debtor elected in its petition to proceed under Subchapter V of title 11 of the United States Code. Mark Sharf was appointed as the Subchapter V Trustee. The Debtor remains a debtor in possession, and no Chapter 11 trustee has been appointed.

4. The Debtor, Project Pizza LLC, Project Pizza Polk LLC, and inKind are parties to a Credit Purchase Agreement (the "Agreement") dated March 10, 2022, a true and correct copy of which is attached as **Exhibit "A"** to the accompanying Declaration of Boris Nemchenok. The Agreement and its amendments, as set forth below, evidence a working capital loan of $700,000 from inKind. The loan is to be repaid by inKind's sale of food and beverage credit up to $1,400,000. Customers who purchase this credit from inKind can then redeem it at the Debtor's Sunset District restaurant, as well as related Project Pizza and Fiorella locations, through inKind's mobile app.

5. The Agreement was amended four times as increasing amounts of working capital were made available to the Debtor. On February 28, 2023, the Debtor and other signatories received $150,000 in working capital and agreed to allow inKind to sell $300,000 of credit. On March 15, 2024, the Debtor and other signatories received a further $100,000 and agreed to allow inKind to sell $200,000 more in credit. On June 24, 2025, the Debtor and other signatories received a further $200,000 and agreed to allow inKind to sell $400,000 more in credit. Finally, on September 12, 2024, the Debtor and other signatories received a further $100,000 and agreed to allow inKind to sell $200,000 more in credit.

///

6. As of May 21, 2025, inKind had sold, and customers had used, $863,043 in credit under the Agreement, yielding inKind a profit margin in excess of 23%. $536,957 more in credit remains unissued and, presumably, unsold by inKind. $15,896 in credit sold by inKind has not yet been redeemed.

7. The Debtor, inKind, and other contracting parties owe remaining material obligations to one another. For example, the Agreement specifies that inKind is obligated to provide marketing services for the Debtor. The Debtor is obligated to allow inKind customers to use their credits at its restaurant. The Agreement is an executory contract pursuant to section 365(a) of the Bankruptcy Code.

8. The Debtor has concluded that it no longer requires the marketing services provided by inKind and that the Agreement is detrimental to the estate for several reasons. First, the Debtor is obligated to provide customers with credit from inKind for meals exchange for nothing more than a reduction in Debtor's pre-petition account with inKind. This decreases Debtor's gross margin on food, beverages and liquor sold.

9. While a May 16, 2025 conversation with inKind's in house counsel yielded a concession that the inKind app would no longer list the Debtor's Sunset District restaurant for a month, there has been no agreement that inKind's right to sell more credit also be suspended despite the Debtor's request for exactly that. The Agreement contains buyback provisions which could give rise to an administrative claim at a rate even above the face value of credits sold.

10. These detriments outweigh any benefits that could be achieved by allowing the Agreement to remain in force or even through a potential assumption. The Debtor has therefore determined, in the exercise of its business judgment, to reject the Agreement with inKind as of the date of the filing of this Motion.

11. InKind takes the position that it is providing valuable post-petition marketing services through its app. The Debtor has requested that inKind quantify that value, but inKind has so far declined to respond.

12. inKind has also raised question as to whether the $15,896 in online credit sold on the inKind app up constitutes property subject to protection under California Civil Code section 1749.6.

The Debtor disagrees that this provision applies. The Debtor does concede that the risk to customer goodwill of denying patrons already served meals is disproportionately larger than the amount of outstanding inKind credits at issue. The Debtor therefore asks permission to honor the $15,896 in unused credits issued up to May 21, 2025.

### III. LEGAL ARGUMENT

13. Bankruptcy Code § 365(a) provides that a debtor in possession "subject to the court's approval may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts routinely approve motions to assume or reject executory contracts and leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgement. *See, e.g., Durkin v. Benedor Corp. (In re G.I. Indus., Inc.),* 204 F.3d 1276, 1281 (9th Cir. 2000). Courts in the Ninth Circuit apply a broad reading of the business judgment rule, applying the presumption that "the debtor-in-possession acted prudently on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.),* 476 F.3d 665, 670 (9th Cir. 2007). Further, the Ninth Circuit has held the court "should approve rejection unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id*.

14. Here, rejection of the Agreement benefits the estate and is an exercise of sound business judgment. The Debtor has concluded, having exercised its sound business judgment, that the rejection of the Agreement is essential to maximizing the value of its estate. Having carefully reviewed the revenues and expenses generated under the Agreement, the Debtor determined that the obligations under the Agreement do not yield benefits commensurate with the expenses and time expended. Rejecting the Agreement would allow the Debtor to streamline expenses and maximize revenue, thereby benefitting the estate. Therefore, to preserve the interests of the estate and creditors, the Debtor asks that the Agreement be rejected.

/ / /

/ / /

## IV. PRAYER FOR RELIEF

WHEREFORE, Debtor prays for entry of an order authorizing and approving the Debtor's rejection of the Agreement and granting permission to honor the $15,896 in unused credits issued by inKind up to May 21, 2025.

Dated: May 21, 2025                  BINDER MALTER HARRIS & ROME-BANKS LLP

By  /s/ Robert G. Harris
    Robert G. Harris

Attorneys for Subchapter V Debtor
Project Pizza Sunset LLC

5

MOTION TO REJECT EXECUTORY CONTRACT WITH INKIND ET AL.
Case: 25-30258    Doc# 79    Filed: 05/21/25    Entered: 05/21/25 13:52:48    Page 5 of 5